DAVID RHODES

VERSUS

AMKO FENCE AND STEEL COMPANY, LLC,
AND EVERGREEN

NO. 21-CA-19

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ST. JAMES, STATE OF LOUISIANA
NO. 38,440, DIVISION "C"
HONORABLE KATHERINE TESS STROMBERG, JUDGE PRESIDING

October 28, 2021

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Stephen J. Windhorst,
Hans J. Liljeberg, and John J. Molaison, Jr.

**REVERSED; REMANDED**
    **JJM**

**CONCURS WITH REASONS**
    **SJW**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Nancy J. Vega
Chief Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
DAVID RHODES
 W. Mark McKee

COUNSEL FOR DEFENDANT/APPELLEE,
AMKO FENCE AND STEEL CO, LLC
 David J. Bourgeois
 Philip G. Watson
 Peter M. Gahagan

**MOLAISON, J.**

In this personal injury matter, the plaintiff seeks review of the trial court's grant of a summary judgment in favor of defendant, AMKO Fence and Steel Co., LLC ("AMKO"). For the reasons that follow, the judgment of the trial court is reversed, and we remand for further proceedings.

**PROCEDURAL HISTORY**

On November 14, 2017, the plaintiff, David Rhodes, filed a petition for damages in the Twenty-Third Judicial District Court for the Parish of St. James, in which he alleged that he sustained permanent injuies during the course and scope of his employment on or about November 20, 2016, while closing a security gate in the supply yard located at the Shell Motiva plant in Convent, Louisiana. Mr. Rhodes alleged that the gate, which had been installed by AMKO in January of 2016, was known by his employers, fellow employees and other contractors to "not work properly."[1] The petition articulated several thories of negligence by AMKO including: failure to exercise reasonable and responsible care and caution when installing the gate, failure to inspect the gate after installation, failing to "implement and enforce safety precautions" for those using the gate, and neglecting to make necessary repairs and/or adjustments to the gate to assure its proper functioning.

On January 26, 2018, AMKO filed its answer and affirmative defenses to Mr. Rhodes' petition. On August 3, 2020, AMKO filed a motion for summary judgment in which it argued that Mr. Rhodes would not be able carry his burden of proof regarding the "duty"' element of his negligence claim against AMKO, nor would he be able to prove the proximate cause element of his claim. AMKO asserted that the gate was installed in January of 2016, and that Mr. Rhodes opened

---

[1] Specifically, Mr. Rhodes asserted that the gate at issue "would stick and become very difficult to open and/or close."

and closed the gate on a daily basis for months before his alleged injury on November 20, 2016. AMKO also claimed it was undisputed, based on Mr. Rhodes' deposition testimony, that he closed the gate on November 20, 2016, in the same manner by which he closed the gate on prior occasions. Mr. Rhodes had also stated that gate was not more difficult to close on the date of his alleged injury than it had been on the other occasions when he performed the same task.

In opposing AMKO's motion for summary judgment, Mr. Rhodes argued the existence of facts that he contended established AMCO's liability. In particular, Mr. Rhodes referenced AMKO's contract with co-defendant, Greenup Industries, LLC, which required AMKO to perform all work in a "workmanlike manner," as well as to provide insurance for and indemnify Greenup for any claims regarding AMKO's work or actions or omissions regarding the gate. Further, Mr. Rhodes alleged that AMKO had returned to the refinery on September 14, 2016, to repair the gate approximately two months before his injury.

A hearing on the motion for summary judgment was held on September 29, 2020, at which time the trial court took the matter under advisement. The court thereafter rendered a written judgment granting AMKO's motion on October 15, 2020. This timely appeal by Mr. Rhodes followed.

## ASSIGNMENTS OF ERROR

On appeal, Mr. Rhodes makes the following assignments of error:

1. The Trial Judge erred in striking portions of the opinions of expert, Kenneth Martin, on the basis of Kenneth Martin, an expert, not having personal knowledge.

2. The Trial Judge erred in striking Kenneth Martin's use of the Greenup Industries I AMKO Fence and Steel Company, LLC's contract and insurance certificate (Exhibit "C") verifying a contract in 2016 and evidence in (Exhibit ("E") of AMKO invoices based on La. C.C.P. Art. 967 restrictions on request for production; however, the same documentary evidence was permissible based on the use of evidence by an expert rendering opinions pursuant to La. Code of Evidence 703.

3.  The Trial Judge erred in striking portions of Kenneth Martin's opinion based on the lack of scientific opinion when Kenneth Martin is an expert with knowledge of the science of gate construction, usage, maintenance and repair.

4.  The Trial Judge erred in finding Mr. Rhodes put forth no evidence to meet his burden of creating a genuine issue of fact that any defect in the gate caused Mr. Rhodes injuries.

5.  The Trial Judge erred in not ruling on the duty issue.

## LAW AND ANALYSIS

According to La. C.C.P. art. 966(3), "[a]fter an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact, and is favored and designed to secure the just, speedy, and inexpensive determination of every action. *Populis v. State Dep't of Transportation & Dev.*, 16-655 (La. App. 5 Cir. 5/31/17), 222 So.3d 975, 979, *writ denied*, 17-1106 (La. 10/16/17), 228 So.3d 753, *quoting Pouncy v. Winn-Dixie La., Inc.*, 15-189 (La. App. 5 Cir. 10/28/15), 178 So.3d 603, 605. A material fact is one that potentially insures or prevents recovery, affects a litigant's ultimate success, or determines the outcome of a lawsuit. *Id.* at 980. An issue is genuine if it is such that reasonable persons could disagree. If only one conclusion could be reached by reasonable persons, summary judgment is appropriate, as there is no need for a trial on that issue. *Id.*

The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(4). The initial burden is on the mover to show that no genuine issue of material fact exists. *Pouncy, supra.* If the moving party will not bear the burden

of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.* The adverse party must then produce factual support to establish that he will be able to satisfy his evidentiary burden of proof at trial. *Id.* If the adverse party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted.  Appellate courts review summary judgments *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Lincoln v. Acadian Plumbing & Drain, LLC*, 17-684 (La. App. 5 Cir. 5/16/18), 247 So.3d 205, 209, *writ denied*, 18-1074 (La. 10/15/18), 253 So.3d 1302.

## Assignment Of Error #1

In his first assignment of error, Mr. Rhodes contends that the trial Judge erred in striking portions of the opinions of expert, Kenneth Martin, on the basis of that he lacked personal knowledge of what he asserted to be facts. Mr. Rhodes also argues that the information should have been considered by the trial court under La. C.E. art. 703.[2]

The trial court indicated in its reasons for October 15, 2020 reasons for judgment that it was excluding certain portions of Mr. Martin's report because he lacked personal knowledge of the information purportedly copied from AMKO and Greenup Industries' respective websites, as well as statements from a contract between Greenup Industries and AMKO tendered pursuant to a request for production of documents. The court further found that the contract was "not properly in evidence" because "responses to requests for production of documents

---

[2] That article states:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

do not fall under to documents that [La. C.C.P. ]Article 966 allows the Court to consider in deciding a motion for summary judgment."[3]

*Admissibility Of The Purported Contract And Website Content*

In *Thibodeaux v. Allstate Ins. Co.*, 19-458 (La. App. 5 Cir. 3/20/20), 293 So. 3d 797, 803, *writ denied sub nom. Thibodeaux v. Allstate Ins. Co.*, 20-00515 (La. 6/22/20), 297 So.3d 762, this Court observed:

> The legislative comments clarify that Subparagraph (A)(4) contains the exclusive list of documents that may be filed in support of or in opposition to a motion for summary judgment and "intentionally does not allow the filing of documents that are not included in the exclusive list, such as photographs, pictures, video images, or contracts, unless they are properly authenticated by an affidavit or deposition to which they are attached." Dorsey v. Purvis Contracting Group, LLC, 17-369, 17-370 (La. App. 5 Cir. 12/27/17), 236 So.3d 737, 741, *writ denied*, 18-199 (La. 3/23/18), 239 So.3d 296.

Because authentication of the genuineness of a particular document must always be satisfied for it to be admissible, an exhibit that is not authenticated does not constitute competent evidence. See La. C.E. art. 901. Though the substance of the document may be considered trustworthy and clearly admissible under the exception to the hearsay rule for public documents, La. C.E. art. 803(8), "the rule of authentication evidencing the genuineness of a particular document has always to be satisfied." *State v. Martin*, 356 So.2d 1370 (La.1978). "Authentication" is a process whereby something is shown to be what it purports to be. *Newpark Resources, Inc. v. Marsh & McLennan of Louisiana, Inc*., 96-0935 (La. App. 1 Cir. 2/14/97), 691 So.2d 208.  Evidence must either be authenticated as provided in La. C.E. art. 901, or it must be self-authenticating. *See Lane v. Department of Public Safety and Corrections*, 00-2010 (La. App. 1 Cir. 2/15/02), 808 So.2d 811, 816-17.

---

[3] La. C.C.P. article 966(A)(4) provides:

> The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. The court may permit documents to be filed in any electronically stored format authorized by court rules or approved by the clerk of the court.

*Personal Knowledge*

Neither the AMKO/Greenup contract, nor the information claimed to have been copied from their respective websites, are considered self-authenticating under La. C.E. art. 902, and so we next evaluate Martin's affidavit for evidence of authentication. With respect to motions for summary judgment, La. C.C.P. art. 967(A) provides, "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *See also*, *Asi Fed. Credit Union v. Certain Underwriters at Lloyd's of London Syndicate 1414 Subscribing to Pol'y FINFR1503374*, 18-164 (La. App. 5 Cir. 11/7/18), 259 So.3d 552, 560. "Personal knowledge means something the witness actually saw or heard, as distinguished from what he learned from some other person or source." *Hibernia Nat. Bank v. Rivera*, 07-962 (La. App. 5 Cir. 9/30/08), 996 So.2d 534, 539. The requirement of La. C.C.P. art. 967 that "affidavits shall be made on personal knowledge" has been strictly enforced; it is insufficient for an affiant to merely declare that he has "personal knowledge" of a certain fact.

In the instant case, our review of Mr. Martin's report and accompanying affidavit, as well as the hearing transcript, indicate that there was no authentication for either of the websites referenced.[4] We further find that Mr. Martin did not provide a sufficient factual basis to establish his personal knowledge for either the contract or the website information. Accordingly, we conclude that the trial court did not err when it excluded this information from consideration as per La. C.C.P.

---

[4] In first referring to Greenup's information in his affidavit, Mr. Martin wrote, "The following comes from the Greenup Industries ("Greenup") website:" There is no reference to a website address. Similarly, for AMKO's information, Mr. Martin wrote, "The following comes from the AMKO Fence and Steel Company ("AMKO") website," and a web address is indicated. His introduction to the contract states simply, "There was a contract between Greenup and AMKO." However, there are no further specifications about the contract in his report, such as the date the purported contract was entered into, or by whom.

article 966. With regard to the plaintiff's argument that this type of information is reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, we do not find that to be the case here.

**Assignment Of Error #2**

In his second assignment of error, Mr. Rhodes contends that the trial judge erred in striking Mr. Martin's use of the purported contract, insurance certificate, and invoices, identified as Exhibits "C" and "E" in his opposition to the motion for summary judgment based on La. C.C.P. art. 967 restrictions, because the same documentary evidence was permissible based on the use of evidence by an expert rendering opinions pursuant to La. C.E. art. 703.

La. C.C.P. Art. 966 (D)(2) states that "[t]he court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider." While the record reflects that the trial court did not consider Exhibit "C," discussed above, the record does not indicate that the trial court specifically excluded Exhibit "E" from consideration. It is unclear from the record whether the trial court inadvertently grouped the documents identified in Exhibit "E" in its analysis of Exhibit "C." Without a ruling that explicitly excludes the evidence in Exhibit "E," we have no basis for a review of this assignment.[5]

**Assignment Of Error #3**

In this assignment, Mr. Rhodes contends that the trial judge erred in striking portions of Kenneth Martin's opinion based on a lack of scientific opinion. Mr. Rhodes argues that AMKO did not challenge methodology, scientific method or qualifications of Kenneth Martin, and that all of his measurements were based on scientific standards that any other competent expert would be required to utilize. Conversely, AMKO asserts that the trial court properly conducted a *Daubert*-type

---

[5] However, even assuming for the sake of argument that the invoices at issue were excluded from consideration by the trial court, our analysis would lead us to the conclude that there was no error in doing so, for the same reasons discussed in assignment of error #1 related to the authentication of documents.

analysis in determining which portions of Mr. Martin's opinions should be excluded, and was within its broad discretion to not consider potions of expert testimony.

The relevant portion of the trial court's reasons for judgment reads as follows:

> The Court finds that the first paragraph of the "Gate Dimensions and Weight" section of page 10 of Mr. Martin's report are an estimation not based on any scientific method, and an opinion based upon that estimation, as such, the paragraph will not be considered for purposes of deciding the motion before the Court. The Court finds that the statements in the "Not Reasonable for a Single Person to Operate This Gate Manually" section of page 11 Mr. Martin's report is an estimation not based on any scientific method, and an opinion based upon that estimation as such, the statements will not be considered for purposes of deciding the motion before the Court. The Court finds that the statements in the third paragraph of the "Subject LH Gate Looking West-Gate Was Jammed" section of page 12 of Mr. Martin's report is an estimation not based on any scientific method, and an opinion based upon that estimation, as such, the paragraph will not be considered for purposes of deciding the motion before the Court.

Louisiana Code of Evidence article 702 provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

In *State v. Foret*, 628 So.2d 1116 (La. 1993), the Louisiana Supreme Court adopted the federal guidelines for admissibility of an expert's opinions, as explained by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Because La. C.E. art. 702 is virtually identical to its source provision in the Federal Rules of Evidence, F.R.E. 702, the Louisiana Supreme Court applied the *Daubert* analysis, which allows a more flexible standard for determining admissibility while recognizing the detailed analysis in which the trial court must engage to satisfy its gatekeeping function. *Foret* 628 So.2d at 1121-1123. Under *Daubert*, the trial

court is charged with the duty of performing a gatekeeping function to ensure that the expert testimony is not only relevant, but also reliable. *Daubert*, 509 U.S. at 589, 113 S.Ct. at 2795.

To ensure reliability and be admissible under La. C.E. art. 702, the *Daubert* standard requires that the expert's opinions be grounded in methods and procedures of science, rather than just subjective belief or unsupported speculation. *Pertuit v. Jefferson Par. Hosp. Serv. Dist. No. 2,* 14-752 (La. App. 5 Cir. 5/14/15), 170 So. 3d 1106, 1111, *writ denied*, 2015-1176 (La. 9/18/15), 178 So.3d 152. Accordingly, before expert testimony is admitted, the court must make a preliminary assessment that the reasoning or methodology underlying the testimony is scientifically valid and can be applied to the facts at issue. *Daubert*, 509 U.S. at 590–593, 113 S.Ct. at 2795-2796. In the context of scientific knowledge, the "adjective 'scientific' implies a grounding in the methods and procedures of science." *Daubert* at 2795. The "word 'knowledge' connotes more than subjective belief or unsupported speculation." *Fussell v. Roadrunner Towing & Recovery, Inc.*, 1999-0194 (La. App. 1 Cir. 3/31/00), 765 So.2d 373, 375, *writ denied*, 2000-1264 (La. 6/23/00), 765 So.2d 1042

In determining whether expert: testimony is reliable, the Court in *Daubert* enumerated illustrative considerations to determine whether the reasoning and methodology underlying the testimony is scientifically valid and can properly be applied to the facts at issue, as follows: (1) whether the expert's theory or technique can be and has been tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) whether there is a known or potential rate of error, and (4) whether the methodology is generally accepted in the scientific community. *Daubert*, 509 U.S. at 593-594, 113 S.Ct. at 2796–2797; *McFall v. Armstrong*, 10-1041 (La. App. 5 Cir. 9/13/11), 75 So.3d 30, 37. The decision to admit or exclude expert testimony is within the sound discretion of the trial court,

and its judgment will not be disturbed by an appellate court unless it is clearly erroneous. La. C.E. art. 702, comment (d); *Mistich v. Volkswagen of Germany, Inc.*, 95-0939 (La.1/29/96), 666 So.2d 1073, 1079. The refusal of the trial court to receive such evidence will rarely, if ever, provide grounds for reversal. *Contractors Supply & EQ-Orleans v. J. Caldarera & Co.*, 98-1010 (La. App. 5 Cir. 3/30/99), 734 So.2d 755, 760.

The trial court in this case did admit portions of Mr. Martin's opinion that were "based on his personal knowledge obtained through inspecting the gate," with the acknowledgement that the three-year delay between the incident and inspection went "to the weight of Mr. Martin's opinion rather than the admissibility." All three of the statements excluded statements in Martin's report in some way pertain to the actual weight of the gate: "I estimate that the Gate weighs at least 500 pounds, and more likely 700 pounds or more if it entirely comprised of steel materials," "It is not reasonable for a single person to be asked to operate a 700-pound gate that is not electric, and is severely out of alignment, out of level and improperly balanced," and "As discussed previously, the Gate was extremely heavy, probably about 700 pounds." Undeniably, the gate at issue has a definitive weight which can be measured to a scientific certainty. It is not clear from Mr. Martin's report why the gate's weight was not determined with the same precision used to record the gate's other characteristics. Mr. Martin also did not provide the basis for his estimation of the gate's weight by, for example, comparing it to gates of a similar construction. Accordingly, we find no clear abuse of the trial court's discretion in excluding the weight estimation from consideration on the basis of being unsupported and unreliable speculation.

**Assignment of Error #4**

In this assignment Mr. Rhodes argues that the trial court erred in finding Mr. Rhodes put forth no evidence to meet his burden of creating a genuine issue of fact that any defect in the gate caused Mr. Rhodes injuries.

The relevant portion of the trial court's reasons for judgment is as follows, "[t]he Court finds that Mr. Rhodes has put forth no evidence to meet his burden of creating a genuine issue of fact that any defect in the gate caused the injuries complained of in his Petition for Damages." This statement consists of two findings: that there was no evidence of a defect in the gate, and that there was no evidence that a gate defect caused an injury to Mr. Rhodes. The former speaks to whether the gate itself is defective in some way, but the latter is an issue of medical causation.

As this Court explained in *Vince v. Koontz*, 16-521 (La. App. 5 Cir. 2/8/17), 213 So.3d 448, 455, *writ denied*, 17-00429 (La. 4/24/17), 221 So.3d 67:

> Proximate cause is a question of law that is informed by both factual and policy considerations. The proximate cause inquiry asks "whether the enunciated rule or principle of law extends to or is intended to protect this plaintiff from this type of harm arising in this manner." The Louisiana Supreme Court has explained:

> > Since the law never gives absolute protection to any interest, recovery will be allowed only if the rule of law on which plaintiff relies includes within its limits protection against the particular risk that plaintiff's interests encountered. This determination of the particular risks to plaintiff that fall within the ambit of protection of the rule of law on which plaintiff relies is the determination of the issue of proximate cause.

> Cause-in-fact, on the other hand, is a question of fact. The Louisiana Supreme Court has explained:

> > Cause-in-fact is generally a "but for" inquiry; if the plaintiff probably would have not sustained the injuries but for the defendant's substandard conduct, such conduct is a cause-in-fact. Stated differently, the inquiry is "did the defendant contribute to the plaintiff's harm or is the defendant a cause of the plaintiff's harm?"

> An alternative method for determining cause-in-fact, which is generally used when multiple causes are present, is the "substantial factor"

test. Under this test, cause-in-fact is found to exist when the defendant's conduct was a "substantial factor" in bringing about plaintiff's harm. Under either method, it is irrelevant in determining cause-in-fact whether the defendant's actions were "lawful, unlawful, intentional, unintentional, negligent or non-negligent." Rather, the cause-in-fact inquiry is a neutral one, free of the entanglements of policy considerations—morality, culpability or responsibility—involved in the duty-risk analysis.

To succeed on a claim of negligence in Louisiana, the plaintiff must prove five elements: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the proximate cause/legal cause/scope of liability/scope of protection/scope of duty element); and (5) proof of actual damages (the damages element). *Vince v. Koontz, supra at* 455, (citing *Rando v. Anco Insulations Inc.*, 08-1163 (La. 5/22/09), 16 So.3d 1065, 1086).

In support of its finding on cause, the trial court cited the Third Circuit's opinion in *Scott v. City of Shreveport*, 49,944 (La. App. 2 Cir. 6/24/15), 169 So.3d 770, 773, *writ denied*, 15-1438 (La. 10/9/15), 186 So.3d 1149. In that case, the plaintiff filed a personal injury lawsuit claimed that he experienced a heart attack after being tasered by a Shreveport police officer. The city filed a motion for summary judgment, which the trial court granted upon finding that Scott had failed to establish "a causal link" between the officer's actions and his heart attack. In affirming the trial court's ruling, the Third Circuit first considered the medical causation inquiry to fall under the "cause-in-fact" element of the duty-risk analysis. The court then concluded, "summary judgment may be appropriate when, as here, there is no evidence to show that the cause-in-fact inquiry has been met (i.e., the City's actions caused Jessie's heart attack)."

In the instant case, we disagree with any finding by the trial court that there was no evidence produced by Mr. Rhodes to cause a genuine issue of material fact regarding a defect in the gate itself. In spite of the assertions in Mr. Martin's report that we find were properly excluded, we find that the remainder of the report was sufficient to create a genuine issue of material fact sufficient to defeat the motion for summary judgment. Even assuming that there was not sufficient evidence to defeat summary judgment on the defect issue, we are still left with the question of whether Mr. Rhodes established that a defect in the gate was the cause of his alleged injuries.  If we follow the Third Circuit's reasoning in *Scott*, then it is plausible that AMKO's plea in its motion for summary judgment to rule on the issue of "cause in fact" of Mr. Rhodes's alleged injuries, was in fact calling on the trial court to evaluate medical causation. The result in *Scott* would also seem to support the result reached by the trial court. Aside from Mr. Rhodes's own speculative and conclusory allegations in this case, there is no medical evidence in the record that connects an alleged defect in the gate with his claims of injury. Mere conclusory allegations, improbable inferences and unsupported speculation will not support a finding of genuine issue of material fact. *Sears v. Home Depot, USA, Inc.*, 06-0201 (La. App. 4th Cir. 10/18/06), 943 So.2d 1219, *writ denied*, 06-2747 (La. 01/26/07), 948 So.2d 168.

A review of AMKO's motion for summary judgment shows that it asked the trial court to rule on the issue of "cause in fact" of Mr. Rhodes's alleged injuries under a duty risk analysis. It also asked the trial court to consider that the plaintiff had failed to establish that any action by AMKO was the "proximate cause" of his alleged injuries. La. C.C.P. art. 966(F)(1) mandates that "summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." It is legal error for a trial court to grant summary judgment on the basis of an issue not raised by the parties. *Cutrone v.*

*Eng. Turn Prop. Owners Ass'n, Inc.*, 19-0896 (La. App. 4 Cir. 3/4/20), 293 So.3d 1209, 1218. This applies to the specific issue of medical causation. *Robertson v. Doug Ashy Bldg. Materials, Inc.*, 10-1547 (La. App. 1 Cir. 10/4/11), 77 So.3d 323, 336, *writ denied*, 11-2468 (La. 1/13/12), 77 So.3d 972.

We recognize that we are not bound by the opinions of our brethren courts except where *res judicata* applies.[6] In the instant case, we decline to extend and apply the holding in *Scott,* upon finding that AMKO did not expressly argue a lack of evidence of medical causation in its motion for summary judgment. Therefore, we find that the trial court erred in granting summary judgment on that basis.

Based on the foregoing reversal of the trial court's ruling, we find it unnecessary to address Mr. Rhodes' remaining assignment of error.

## DECREE

For the reasons assigned, the trial court ruling that granted summary judgment is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**REVERSED; REMANDED**

---

[6] However, as articulated by the Fourth Circuit under similar circumstances in *Times-Picayune Pub. Corp. v. New Orleans Pub. Grp., Inc.*, 00-0748 (La. App. 4 Cir. 3/20/02), 814 So.2d 34, 36, *writ denied sub nom. Times-Picayune Publ'g Corp. v. New Orleans Publ'g Grp., Inc.*, 02-1064 (La. 6/21/02), 819 So.2d 335, "we do respect their reported opinions, recognize their wisdom, and are generally persuaded by and follow their reasoning."

DAVID RHODES

VERSUS

AMKO FENCE AND STEEL COMPANY,
LLC, AND EVERGREEN

NO. 21-CA-19

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**WINDHORST J., CONCURS WITH REASONS**

I agree with the majority's conclusion that upon *de novo* review, genuine issues of material fact exist and appellee/defendant, AMKO Fence and Steel Company, LLC ("AMKO"), is not entitled to judgment as a matter of law, and that consequently, the trial court's judgment granting AMKO's motion for summary judgment must be reversed and the case remanded for further proceedings. I respectfully concur in part to assign reasons in support of why AMKO is not entitled to summary judgment.

Under La. C.C.P. art. 967 A, an expert's affidavit may set forth opinions "as would be admissible in evidence under Louisiana Code of Evidence Article 702, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." La. C.C.P. art. 967 A. An expert witness is permitted to testify in the form of an opinion if (1) the witness's expertise will help the trier of fact to understand the evidence or to determine a fact in issue, (2) the testimony is based on sufficient facts or data, (3) the testimony is the product of reliable principles and methods, and (4) the expert has reliably applied the principles and methods to the facts of the case. La. C.E. art. 702; Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590-595, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993);[7] Freeman v. Fon's Pest Management, Inc., 17-1846 (La. 02/09/18), 235 So.3d 1087, 1089-1090; Cheairs v. State ex rel. Department of Transp. and Development, 03-680 (La. 12/03/03), 861 So.2d 536, 540-543.

---

[7] Adopted by the Louisiana Supreme Court in State v. Foret, 628 So.2d 1116 (La. 1993).

21-CA-19                                    1

In <u>Independent Fire Ins. Co. v. Sunbeam Corp.</u>, 99-2181 (La. 02/29/00), 755 So.2d 226, 235-236, the Louisiana Supreme Court held that, rather than automatically exclude expert opinion evidence at the summary judgment stage, the <u>Daubert</u> standards should be considered by the trial court in deciding whether to admit expert opinion evidence. The relaxation of the usual requirement that a witness have firsthand knowledge and the permission granted to an expert to express opinions not based on firsthand knowledge or observation "is premised on an assumption that the expert's opinion will have a reliable basis in the knowledge and experience of the discipline." <u>Blair v. Coney</u>, 19-795 (La. 04/03/20), 2020 WL 1675992, — So.3d —; <u>Independent Fire Ins. Co.</u>, 755 So.2d at 234, citing <u>Daubert</u>, 509 U.S. at 591-592. Conversely, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." <u>Daubert</u>, 509 U.S. at 596.

Moreover, an expert's affidavit need not be based on personal knowledge and may be based on hearsay or other evidence that would be inadmissible at trial. <u>Davis v. Burke's Outlet Stores LLC</u>, 14-686 (La. App. 3 Cir. 12/10/14), 155 So.3d 664, 667, <u>writ denied</u>, 15-59 (La. 04/02/15), 163 So.3d 794; <u>Thierry v. State Through Dept. of Health & Hosp. & Univ. Med. Ctr. of Lafayette</u>, 06-1133 (La. App. 3 Cir. 02/07/07), 948 So.2d 1200, 1203; *See also*, <u>Wiley v. City of New Orleans</u>, 00-1544 (La. App. 4 Cir. 05/16/01), 809 So.2d 151, <u>writ denied</u>, 02-616 (La. 05/10/02), 815 So.2d 842, <u>writ denied</u>, 02-641 (La. 05/10/02), 815 So.2d 843. An expert is allowed wide latitude to offer opinions, including those not based on firsthand knowledge or observation. La. C.E. arts. 702 and 703; <u>Independent Fire Ins. Co.</u>, 755 So.2d at 234. An appellate court should not disturb a trial court's evidentiary ruling on the admissibility of expert opinion evidence at a summary judgment hearing absent an

abuse of discretion.  MSOF Corp v. Exxon Corp., 04-988 (La. App. 1 Cir. 12/22/05), 934 So.2d 708, 717, writ denied, 06-1669 (La. 10/06/06), 938 So.2d 78.

There is a critical distinction between questioning the methodology employed by an expert witness and questioning the application of that methodology or the ultimate conclusions derived from that application.  Id. at 718.  Only a question of the validity of the methodology employed causes Daubert to become applicable.  Id.; Tadlock v. Taylor, 02-712 (La. App. 4 Cir. 09/24/03), 857 So.2d 20, 26, writ denied, 03-3265 (La. 03/12/04), 869 So.2d 819.  Additionally, Daubert concerns admissibility of the expert's opinion and not his qualification as an expert in the area tendered.  Comeaux v. C.F. Bean Corp., 99-924 (La. App. 4 Cir. 12/15/99), 750 So.2d 291, 296 n.3, writ denied, 00-127 (La. 03/17/00), 756 So.2d 1145.

La. C.E. art. 702 provides:

> A.  A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (1) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (2) The testimony is based on sufficient facts or data;
>
> (3) The testimony is the product of reliable principles and methods; and
>
> (4) The expert has reliably applied the principles and methods to the facts of the case.

Formal education or training in a particular field is not always necessary to qualify as an expert in a particular field; rather experience alone may be sufficient.  Mistich v. Volkswagen of Germany, Inc., 95-939 (La. 01/29/96), 666 So.2d 1073, 1079.

La. C.E. art. 703 further provides:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing.  If of a type reasonably relied upon by experts in the particular field in

> forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

Comment (d) to La. C.E. art. 703 specifically addresses inadmissible hearsay, affirming that it is permissible if it is reasonably relied upon by experts in the particular field in forming their opinions or inferences. The comment further provides that it is for the trial court to determine whether such hearsay "may be 'reasonably relied upon' in this fashion." La. C.E. art. 703, comment (d). Additionally, an expert may provide testimony based on information obtained from others and the character of the evidence upon which the expert bases an opinion affects only the weight to be afforded the expert's conclusion. MSOF Corp., 934 So.2d at 716-717

When a party submits an affidavit of an expert in support of or in opposition to a motion for summary judgment, the trial court is not required to hold a Daubert hearing; rather, the trial court is required to make a threshold determination of whether the expert's affidavit is admissible. Walker v. City of Independence Police Dept., 18-1739 (La. App. 1 Cir. 02/07/20), 296 So.3d 25, 34. However, simply claiming that an expert is not qualified without any facts or competing expert opinion is insufficient. Hayne v. Woodridge Condominiums, Inc., 06-923 (La. App. 5 Cir. 04/11/07), 957 So.2d 804, 809.

Plaintiff argues that Mr. Martin as an expert has the right to utilize documents used by any other expert similarly situated to his expertise under La. C.E. art. 703 and that his expert should have been allowed to render an expert opinion using text reviewed from the defendant's website and the discovery documents struck by the trial court. I agree. The plaintiff offered the affidavit of Mr. Martin to show that AMKO owed a duty to plaintiff, that the gate was defective, and that the gate was the proximate cause of his injuries.

In his affidavit and report, Mr. Martin stated the following:

> *I have been a manufacturer, installer & repair contractor in the Door & Gate Access Systems Industry ("Industry") for over 40 years* and am currently a voting member of the Underwriter's Laboratories Standards Technical Panel for door and gate safety standards. *I am a licensed gate contractor in several states, and my businesses are involved with all types of Gates and Access Systems, and their maintenance and repair. I am qualified and have many years of experience testifying and in rendering opinions about gates of all types,* **including the type of the gate at the Shell property**. My qualifications and experience are summarized in more detail in my CV which is included in the Appendix at the end of my report. (Emphasis added.)

Mr. Martin then issued several preliminary opinions in his affidavit. Attached to the affidavit, Mr. Martin included his report, which detailed his inspection, tests, opinions and all documents used. Mr. Martin's report stated that he "visited and inspected the site, took photographs, made observations, and conducted testing" and "reviewed relevant documents that are listed in the Appendix." As is the usual practice for the majority of experts retained, Mr. Martin utilized all documents and discovery plaintiff received in the course of this litigation, including responses to requests for production of documents, the Greenup Industries and AMKO 2018 contract, and the certificate of liability.[8]

My review of the record shows that Mr. Martin's affidavit and report were admitted into evidence. However, the trial court struck portions of Mr. Martin's affidavit and report based on lack of personal knowledge, use of inadmissible evidence, and lack of scientific evidence. I disagree.

In objecting to Mr. Martin's affidavit and report, AMKO did not object to Mr. Martin's qualifications, reasoning or methodology in reaching his conclusions. AMKO only objected on the basis that Mr. Martin's affidavit and report were not based on personal knowledge. The record is void of any evidence that AMKO

---

[8] Appendix IV attached to Mr. Martin's report contains a complete list of the materials reviewed by him and used in forming his opinions.

moved to set a <u>Daubert</u> hearing or deposition to establish a basis for challenging Mr. Martin's affidavit and/or opinions.[9] AMKO did not submit any evidence to show that Mr. Martin was not competent (*i.e.*, he had no personal knowledge) to testify regarding the gate in question. AMKO only argued in its memorandum and at the summary judgment hearing that Mr. Martin had no personal knowledge; and thus, he was not qualified to render the statements and/or opinions in his affidavit and report. Thus, AMKO simply claimed that Mr. Martin was not qualified without any facts or competing expert opinion, which is insufficient.

After a thorough review of Mr. Martin's affidavit and report, it is my opinion that Mr. Martin is qualified, based on his extensive knowledge, skill, experience, training, and education, to render an expert opinion regarding whether AMKO owed a duty to plaintiff, whether the gate was defective and whether the gate was the proximate cause of plaintiff's injury. As an expert, Mr. Martin does not need personal knowledge. With regard to AMKO's contention that portions of Mr. Martin's affidavit and report should be stricken because he relied on unauthenticated documents and websites to which he was not a party, did not create, and had no personal knowledge, it was not improper for Mr. Martin to rely on documents provided to plaintiff in discovery. An expert may provide testimony based on information obtained from others and the character of the evidence upon which the expert bases an opinion affects only the weight to be afforded the expert's conclusion. Although the documents Mr. Martin reviewed were listed in the appendix of his report, it is unclear from the record whether they were attached to Mr. Martin's report. However, the responses to production of documents, the 2018 contract, certificate of liability, and text copied from the website were not offered

---

[9] The Supreme Court in <u>Independent Fire Ins. Co.</u>, 755 So.2d at 235, held that it is impractical for a party to be required to depose his or her own expert in order for that expert's opinion to be admissible at the summary judgment stage. <u>Bergeron v. Argonaut Great Cent. Ins. Co.</u>, 10-842 (La. App. 1 Cir. 03/25/11), 64 So.3d 255, 263.

into evidence by Mr. Martin.  Rather, they were identified as sources of information on which Mr. Martin relied in reaching his opinion.  This does not make his affidavit and report inadmissible under Daubert.

Therefore, I believe that the trial court abused its discretion in striking portions of plaintiff's expert's affidavit and report.  The trial court should have admitted the entirety of the affidavit and report in opposition to the motion for summary judgment by AMKO.  Additionally, based on the expert's affidavit and report, genuine issues of material fact exist as to whether AMKO owed plaintiff a duty, whether the gate was defective, and whether AMKOs actions were the proximate cause of his injuries.

Accordingly, for the reasons stated herein, I would reverse the judgment granting summary judgment in favor of plaintiff and remand for further proceedings.

| DAVID RHODES | NO. 21-CA-19 |
|---|---|
| VERSUS | FIFTH CIRCUIT |
| AMKO FENCE AND STEEL COMPANY, LLC, AND EVERGREEN | COURT OF APPEAL |
| | STATE OF LOUISIANA |

**LILJEBERG, J., CONCURS**

I concur for the reasons assigned by Judge Windhorst.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 28, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-19

**E-NOTIFIED**
23RD JUDICIAL DISTRICT COURT (CLERK)
HON. KATHERINE TESS STROMBERG (DISTRICT JUDGE)
PETER M. GAHAGAN (APPELLEE)         PHILIP G. WATSON (APPELLEE)         DAN BOUDREAUX (APPELLEE)

**MAILED**
SHELLEY K. NAPOLITANO (APPELLEE)     DAVID J. BOURGEOIS (APPELLEE)     W. MARK MCKEE (APPELLANT)
ATTORNEY AT LAW                      ATTORNEY AT LAW                   ATTORNEY AT LAW
201 ST. CHARLES AVENUE               3838 NORTH CAUSEWAY BOULEVARD     POST OFFICE BOX 1628
SUITE 2411                           SUITE 2900, LAKEWAY THREE         COLUMBIA, LA 71418
NEW ORLEANS, LA 70170                METAIRIE, LA 70002